# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                     16-CR-3484 WJ

DANIEL MORGAN,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART UNITED STATES' MOTION FOR A *LAFLER/FRYE* HEARING

THIS MATTER comes before the Court upon the United States' Motion for a *Lafler/Frye* Hearing, filed January 18, 2018 **(Doc. 40)**. Defendant is charged with second-degree murder, in violation of 18 U.S.C. §§ 1153 and 1111(a). The United States moves this Court to conduct a hearing on the record to inquire whether Defendant's counsel communicated to Defendant a plea offer extended by the United States. Having reviewed the parties' pleadings and considered the controlling law, the Court finds that the United States' motion is well-taken and, therefore, is GRANTED in part.

## BACKGROUND

### I. Procedural Background[1]

Defendant is charged with second-degree murder, pursuant to 18 U.S.C. §§ 1111(a) and 1153. Doc. 26 at 3. Defendant is also subject to pending charge(s) in the District of Arizona. Doc. 26 at 3; Doc. 40. On January 18, 2018, the Government filed the current motion to compel

---

[1]     The Court is not making any factual findings related to Defendant's charge in this Memorandum Opinion and Order.

Defendant to answer questions on the record about whether Defendant received information from his attorney about a global plea agreement extended by the United States Attorney in the District of New Mexico. Doc. 40. According to the Government, the plea offer encompassed Defendant's pending case in the District of Arizona, as well as his case in the District of New Mexico. Doc. 40 at 3. The Government made this motion pursuant to the holdings in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012). In its motion, the Government submits a proposed colloquy, which it requests the Court read to Defendant in open court to create a record for any subsequent post-conviction petitions for relief. Doc. 40 at 2. Defense counsel timely filed a response objecting to this motion, and did not include a proposed colloquy. Doc. 41. A change of plea hearing took place on January 31, 2018, during which Defendant expressed his desire to proceed to trial. Doc. 46 at lines 6–12. The Government's proposed colloquy did not take place at the January 31, 2018 hearing and this matter was not decided at that time. A trial in the District of New Mexico is scheduled for August 6, 2018.

## II.     Parties' Positions

The Government's motion is made pursuant to *Lafler v. Cooper* and *Missouri v. Frye*, in which the Supreme Court held that defendants are entitled to the Sixth Amendment right of effective counsel in the plea bargaining context. *See Lafler*, 566 U.S. at 165; *Frye*, 566 U.S. at 145. Specifically, the Supreme Court determined in *Lafler* that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." 566 U.S. at 168. In *Frye*, the Supreme Court ruled that "[w]hen defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." 566 U.S. at 145. Both cases were post-conviction petitions. *See Lafler*, 566 U.S. at 162; *Frye*, 566 U.S. at 139.

The present matter, however, is a pretrial—not post-conviction—motion for a *Lafler*/*Frye* hearing. Doc. 40. The Government argues that its purpose is to establish "a clear record . . . in the event the defendant subsequently brings a claim under 28 U.S.C. § 2255 alleging that his attorney failed to effectively convey the global plea offer to him, . . . ." Doc. 40 at 2. The issue is whether *Lafler* and *Frye* provide this Court with authority to establish a pretrial record of the terms of a formal plea offer, with the foresight of referencing such a record in a post-conviction hearing based on a claim of ineffective assistance of counsel in the plea bargaining process, and what the scope of such an inquiry may be. Defendant's counsel objects to the Government's request for this hearing on the grounds that such an inquiry (a) places Defendant's Fifth Amendment right to remain silent in jeopardy and (b) contravenes the attorney-client privilege. Doc. 41 at 1. Defense counsel asserts that "[m]inimally, these type of hearings should be held outside of the presence of government counsel." *Id.*

The Government proposes the following colloquy (Doc. 40 at 2–3):

I am informed that the government made you a global plea offer, pursuant to Rule 20, Fed. R. Crim. P., that you rejected or did not accept before it expired. This Court is not involved in any plea negotiations, and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following questions:

To defense counsel:

Did you receive a global plea offer for Mr. Morgan from the government that was sent on behalf of both the United States Attorney's Offices for the District of New Mexico as well as the District of Arizona? Did you communicate the terms of this global plea offer to Mr. Morgan?

To Defendant Morgan:

Did you discuss with your attorney the global plea proposal the government made to you to resolve your case in New Mexico as well as Arizona? Are you satisfied that, prior to rejecting the global plea offer or failing to accept it before it expired, you had a full and complete opportunity to discuss the plea offer with your attorney?

## DISCUSSION

**I.** *Lafler* **and** *Frye* **as Applied to Pretrial Hearings**

The United States' motion draws on principles published in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), which established the defendant's Sixth Amendment right to effective counsel in the plea bargaining setting. In *Frye*, the defendant was charged with a felony and the Government offered him an option to plead guilty to a misdemeanor. 566 U.S. at 138–39. Defendant's counsel failed to communicate the plea offer from the Government before the offer expired. *Id.* The defendant later pleaded guilty to a felony, with no underlying plea agreement. *Id.* at 139. The defendant brought a claim for ineffective assistance of counsel and argued that he would have pleaded guilty to the misdemeanor if he had known about the offer. *Id.* Comparatively, in *Lafler*, the defendant received information about the terms of the Government's plea offer, but rejected it on advice of counsel. 566 U.S. at 160. Upon conviction at trial, the defendant received a more severe sentence than that which the Government had offered to recommend in the rejected plea agreement. *Id.* The defendant in *Lafler* brought a post-conviction claim for relief, and the Supreme Court concluded that he satisfied "*Strickland*'s prejudice test[,] where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." *Id.* at 163.[2]

---

[2] The *Lafler* and *Frye* cases are usually cited in tandem because the holdings are closely tied. As this is not a motion for a post-conviction hearing, the Court will not further detail the effects of the holdings in *Lafler* and *Frye* on the standard for demonstrating prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Lafler*, 566 U.S. at 163; *Frye*, 566 U.S. at 147.

4

The opinion in *Frye* directly addresses whether the Court may conduct this inquiry[3] and, to a lesser extent, what the scope of such an inquiry may be. *Frye* expressly notes that "[t]he prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences." 566 U.S. at 146. Relevant to the Court's role is the Supreme Court's suggestion of establishing a pretrial record: "[F]ormal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." *Id.* (explaining that the plea offer was "formal" and had a determinative expiration date). Thus, a trial court's adoption of measures to establish a record of a formal plea offer may work to ensure that the defendant receives effective assistance in the plea bargaining context. *See Lafler*, 566 U.S. at 165; *Frye*, 566 U.S. at 145. Also in accordance with the Supreme Court's reasoning in these cases, the Court has an interest in not devoting limited judicial resources to handling post-conviction petitions when a fully-developed pretrial record potentially would alleviate the need for a later evidentiary hearing. Therefore, another rationale behind this recommendation is that the principles that flow from *Lafler* and *Frye* create "the need for additional precautions to guard against contrived ineffective assistance claims." *United States v. Broombaugh*, No. 14-40005-10-DDC, 2014 U.S. Dist. LEXIS 92258, at *8–9 (D. Kan. July 8, 2014). At this time, the Court only aims to discern the terms of the plea and whether it was conveyed to Defendant, in accordance with the principles in *Frye*.

---

[3] The Court notes from the outset that the principles announced in *Frye* more accurately direct this analysis because of the chronological and procedural posture of the case. The concern at issue in *Lafler*, namely that the defendant received a harsher sentence at trial after rejecting a plea offer on deficient advice of counsel, is not presently before the Court. *Lafler*, 566 U.S. at 162; *see also United States v. Broombaugh*, No. 14-40005-10-DDC, 2014 U.S. Dist. LEXIS 92258, at *7 (D. Kan. July 8, 2014) ("The charges against [Defendant] are nowhere near the start of a trial and so the risk *Lafler* addressed is not presented here . . . . Thus, the Court shifts its focus to *Frye* . . . .").

## II. Legal Authorities that Restrict the Court's Role in a *Lafler/Frye* Hearing

While *Frye* provides this Court with discretion to conduct a pretrial colloquy for the purpose of creating a record of the formal plea offer, there are a number of authorities that restrict the role of the Court during such an inquiry. The Court has examined these authorities and finds that a carefully constructed colloquy should not offend them. Initially, the Court notes that the issue of a *Lafler/Frye* hearing is one of first impression for this Court. There is no Tenth Circuit precedent and a limited amount of Tenth Circuit district court opinions to reference regarding the authority of *Lafler* and *Frye* to conduct this inquiry, and what the scope of the inquiry should be. There are, however, a number of district courts across the country that have conducted this kind of hearing, some of whom make it their practice to do so. Although many of their opinions are unpublished, they still provide guidance.[4]

First, Federal Rule of Criminal Procedure 11(c)(1) prohibits the Court from participating in plea negotiations. Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions."). The reasoning behind this rule is threefold: "it minimizes the risk that the defendant will be judicially coerced into pleading guilty, it preserves the impartiality of the court,

---

[4] *See Miller v. Jones*, No. 16-62010-Civ-MARTINEZ, 2017 U.S. Dist. LEXIS 196072, at *32–33 (S.D. Fla. Nov. 28, 2017) (providing excerpt of colloquy); *United States v. Thayer*, No. 2:13-cr-00436 RB-1, 2017 U.S. Dist. LEXIS 55195, at *5–6 (D.N.M. Apr. 10, 2017); *Brickey v. Kelley*, No. 5:16-CV-00150 BSM/JTR, 2017 U.S. Dist. LEXIS 50330, at *10–11 (E.D. Ark. Feb. 24, 2017) (providing excerpt of colloquy); *United States v. Pirk*, 236 F. Supp. 3d 796, 801 (W.D.N.Y. 2017); *United States v. Jackson*, No. 5:14-CR-00012-TBR, 2015 U.S. Dist. LEXIS 121211, at *3 (W.D. Ky. Sept. 11, 2015); *Stevens v. United States*, NO. 2:15cv28, 2015 U.S. Dist. LEXIS 91774, at *11 (E.D. Va. July 13, 2015); *United States v. Hopkins*, No. 12-CR-0044-CVE, 2015 U.S. Dist. LEXIS 78318, at *43–44 (N.D. Okla. June 17, 2015) (providing sample of colloquy); *United States v. Slane*, No. 11-81, 2015 U.S. Dist. LEXIS 19867, at *58–59 (W.D. Pa. Feb. 19, 2015) (noting the "Court's pretrial procedures and its use of the standard prior plea offers colloquy that has been adopted by the members of this Bench"). *But see Broombaugh*, 2014 U.S. Dist. LEXIS 92258, at *10–14 (denying Government's request for *Lafler/Frye* hearing on the following grounds: defense counsel represented that she had conveyed the plea offer to the defendant, the potential of violating Fed. R. Crim. P. 11(c)(1) was significant, it was unclear whether the plea offer was a "formal" one, and the defendant was not yet charged), *amended in part by sub nom. United States v. Reulet*, No. 14-40005-DDC, 2016 U.S. Dist. LEXIS 3026, at *3 (D. Kan. Jan. 11, 2016) (granting the Government's request for a *Lafler/Frye* hearing before trial, in front of all parties).

and it avoids any appearance of impropriety." *United States v. Cano-Varela*, 497 F.3d 1122, 1132 (10th Cir. 2007) (quoting *United States v. Kraus*, 137 F.3d 447, 452 (7th Cir. 1998)). Notably, however, "[n]ot all judicial comments relating to plea agreements violate the rule." *Id.* (describing the required Fed. R. Crim. P. 11 colloquy with a defendant entering a guilty plea). Violation of Rule 11(c)(1) occurs, for example, when the judge engages with a defendant to compare the outcomes of pleading guilty or going to trial, or when the judge offers guidance about favorable plea agreement terms. *See id.* at 1133 (collecting federal Courts of Appeals cases that affirmed Rule 11(c)(1) violations); *United States v. Braxton*, 784 F.3d 240, 243–44 (4th Cir. 2015) (finding plain error for violation of Rule 11(c)(1) when the court made repeated remarks that suggested the defendant should plead guilty). It is, therefore, between the allowance created by *Frye* and the limitations imposed by Rule 11(c)(1) that the presently-debated inquiry exists. *See United States v. Pirk*, 236 F. Supp. 3d 796, 800 (W.D.N.Y. 2017) ("Of course, any efforts to memorialize the terms of a plea offer must be tempered against Federal Rule of Criminal Procedure 11."); *see also United States v. Draper*, No. 16-50960, 2018 U.S. App. LEXIS 2975, at *11–12 (5th Cir. Feb. 7, 2018) (finding no Rule 11 error when the district court conducted a "*Frye* inquiry" and engaged in follow-up questions with the defendant about the terms of the rejected plea offer).

Second, the Court also recognizes the weight of the principles underlying defense counsel's objections, including the evidentiary privilege assigned to confidential communications between an attorney and his or her client. Doc. 41. The attorney-client privilege protects "'confidential communications by a client to an attorney made in order to obtain legal assistance' from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (citing *In re Grand Jury Subpoena Duces Tecum Issued on*

7

*June 9, 1982*, 697 F.2d 277, 278 (10th Cir. 1983)).While the attorney-client privilege is a significant evidentiary privilege, "standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." *Howell v. Trammell*, 728 F.3d 1202, 1222 (10th Cir. 2013) (quoting *Partington v. Gedan*, 961 F.2d 852, 863 (9th Cir. 1992)). Still, this Court does not think it necessary that the hearing and attorney-client privilege conflict in this case because the factual information about whether defense counsel communicated the terms of the plea offer to Defendant is not protected by attorney-client privilege. The Tenth Circuit has ruled that "[t]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege[;]" rather, the "communication between a lawyer and client must relate to legal advice or strategy sought by the client . . . ." *In re Grand Jury Proceedings*, 616 F.3d at 1182 (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550–51 (10th Cir. 1995) and *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998)). The Tenth Circuit stated that "[w]here questions only request information regarding communications where the attorney was acting as a 'conduit' for non-confidential information, the client may not invoke the attorney-client privilege." *Id.* at 1183 (citing *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990) ("Communications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence.")).

Here, the Court has the ability to carefully craft a colloquy aimed at only ascertaining the terms of the plea offer and not the substance of the advice from counsel or the reasoning behind Defendant's decision-making.[5] *United States v. Braxton*, 784 F.3d 240, 247 (4th Cir. 2015)

---

[5] For these reasons, the Court reiterates that it believes the decision in *Frye* guides this analysis more than *Lafler* because the Court is not examining defense counsel's advice under the *Strickland* standard. *See Frye*, 566 U.S. at 145 ("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

8

("Nor, . . . does *Frye* require a district court to satisfy itself of the intelligence of a defendant's decision to exercise his right to trial instead of accepting a plea offer."). Questions designed to only establish the terms of the plea offer and whether it was relayed to Defendant should not reveal legal advice from defense counsel or "the substance of a client confidence." *Defazio*, 899 F.2d at 635. The Court believes this limited degree of inquiry is proper under the *Frye* standard and aligns with other district courts that have conducted the same type of hearing. S*ee Pirk*, 236 F. Supp. 3d at 801 ("To force the disclosure of any further details regarding plea discussions between defense counsel and his client—other than the fact that they had occurred[—]would in the Court's view unreasonably invade the sanctity of the attorney-client relationship."); *United States v. Slane*, No. 11-81, 2015 U.S. Dist. LEXIS 19867, at *60 n.14 (W.D. Pa. Feb. 19, 2015) ("[T]he Court is careful to elicit only factual information from the parties and the defendant rather than soliciting any advice provided by defense counsel to the defendant and protected by the attorney-client privilege.").

Third, the Court will not infer that obtaining factual information from a defendant about the terms of a plea agreement invades a defendant's Fifth Amendment right to remain silent because the Court foresees "no reasonable danger of incrimination." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 189 (2004). The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself, . . . ." U.S. Const. amend. V. The Supreme Court has concisely stated that "[t]o qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel*, 542 U.S. at 189 (citing *United States v. Hubbell*, 530 U.S. 27, 34–38 (2000)). Thus, a defendant's Fifth Amendment right against "compulsory self-incrimination 'protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other

evidence that might be so used.'" *Id.* at 190 (quoting *Kastigar v. United States*, 406 U.S. 441, 445 (1972)) (ruling that there was no Fifth Amendment violation because the petitioner's "refusal to disclose his name was not based on any articulated real and appreciable fear that his name would be used to incriminate him, or that it 'would furnish a link in the chain of evidence needed to prosecute' him." (internal citation omitted)).

Using the same reasoning as the Supreme Court in *Hiibel*, the Court does not believe that revealing factual information about the communication of the terms of the plea offer will provide a "link in the chain of evidence" against Defendant. The Court's questions are aimed at ascertaining information that originated from the Government, namely, Defendant's confirmation of receipt of the terms of the plea that the Government intended be conveyed to Defendant in the first place. The Court cannot conclude that such a limited inquiry runs afoul of the Fifth Amendment, in that it compels the defendant to make incriminating statements.[6] Thus, the Court believes that a narrow colloquy with Defendant, targeting the factual communication of the plea offer, does not need to interfere with Defendant's right to remain silent.

Finally, the Court examines defense counsel's proposition that "these type of hearings should be held outside of the presence of government counsel." Doc. 41 at 1. District courts that have conducted this kind of inquiry most often do so in open court, in the presence of defense counsel and the prosecution. *See, e.g.*, *United States v. Draper*, No. 16-50960, 2018 U.S. App. LEXIS 2975, at *11–12 (5th Cir. Feb. 7, 2018) (noting presence of all parties); *Miller v. Jones*, No. 16-62010-Civ-MARTINEZ, 2017 U.S. Dist. LEXIS 196072, at *32–33 (S.D. Fla. Nov. 28, 2017) (same); *United States v. Hopkins*, No. 12-CR-0044-CVE, 2015 U.S. Dist. LEXIS 78318,

---

[6] As the Court finds that this narrow colloquy will not solicit incriminating statements from Defendant, the Court does not reach the issue of whether such statements would also be testimonial or compelled under the Fifth Amendment.

10

at *43–44 (N.D. Okla. June 17, 2015) (same); *see also United States v. Jackson*, No. 5:14-CR-00012-TBR, 2015 U.S. Dist. LEXIS 121211, at *3–4 (W.D. Ky. Sept. 11, 2015) (declining to conduct ex parte examination of defendant about his rationale in rejecting plea offer because of Rule 11(c)(1) restrictions). Thus, a court may use this hearing to confirm that all parties—the prosecution, defense counsel, and the defendant—have a uniform understanding of the terms of the rejected plea. Additionally, conducting this hearing without the presence of Government counsel would not allow the Government an opportunity to offer a remedy if a *Lafler/Frye* issue comes to light. *See Lafler*, 566 U.S. at 171–72 (discussing how it is "difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer" and after a conviction has been obtained).The facts of a case may require a court to exercise discretion, however, when deciding whether to conduct this type of inquiry in front of all parties. The Court will not speculate about situations that would require an ex parte hearing because the Court thinks it is appropriate in this case that the Government and defense counsel are present during the colloquy. To do otherwise in this instance is unnecessary and invites a violation of Federal Rule of Criminal Procedure 11(c)(1).

Furthermore, as the Court has stated, the terms of the plea agreement must be on the record to satisfy the constitutional concerns detailed above. The record created by a *Lafler/Frye* hearing would be underdeveloped for the purpose of later reference in a post-conviction appeal if the record did not contain the terms of the offer. It may be the case, however, that circumstances require the terms of a plea offer be detailed only in a sealed record. *See United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("A court can order documents sealed if the party moving for sealing is able to show 'some significant interest that outweighs the presumption' in favor of open access to judicial records." (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th

Cir. 2012))). This issue constitutes an instance for judicial discretion that is within the authority of *Frye*. *See id.* ("A court has authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records."); *see also Frye*, 566 U.S. at 146 ("The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences.").

As the Government has not included the terms of the plea offer in its proposed colloquy, the Court will ask the parties whether they can show significant interests that require the Court to accept a sealed exhibit containing the terms of the rejected plea offer instead of confirming the terms of the offer verbally on the record. Either party that intends to object to stating the terms of the rejected plea in open court should be prepared to offer their arguments and a sealed exhibit containing the terms of the offer. Thus, the Court will take the Government's proposed colloquy under advisement for further examination to ensure that it satisfies the limitations detailed above. *See United States v. Braxton*, 784 F.3d 240, 247 (4th Cir. 2015) ("[T]he district court, as described above, fulfilled its role under *Frye* by memorializing the offer on the record at the government's request, . . . . Nothing more was required or justified by *Frye*."); *United States v. Pirk*, 236 F. Supp. 3d 796, 801 (W.D.N.Y. 2017) ("Faced with these competing principles and obligations, the Court elected to engage in part in the colloquy requested by the Government—namely to memorialize the terms of any plea offer on the record to ensure that the defendant was aware of the offer and understood its terms.").

For all of these reasons, the Court finds that a *Lafler*/*Frye* hearing to establish the terms of the plea offer, the fact that it was communicated to Defendant, and the fact that Defendant

rejected the plea offer, is supported by the principles announced in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012).

**THEREFORE,**

**IT IS ORDERED** that the United States' Motion for a *Lafler*/*Frye* Hearing **(Doc. 40)** is hereby GRANTED IN PART for reasons described in this Memorandum Opinion and Order. The Court will take the Government's proposed colloquy **(Doc. 40 at 2)** under advisement to determine whether it adequately addresses the limitations examined in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE